IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RENEE M. SNELL**, | Case No. 3:18-cv-227-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **MCCAULEY POTTER FAIN ASSOCIATES**, *et al.*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Renee M. Snell sues McCauley Potter Fain Associates ("MPFA") and the Oregon Department of Human Services ("DHS"). Plaintiff's claim arises out of Vocational Rehabilitation ("VR") services she received. Before the Court are two motions: MPFA's motion for summary judgment, and DHS' motion to dismiss or, in the alternative, for a more definite statement of Plaintiff's claims.

## BACKGROUND

In order to understand Plaintiff's Complaint, some background on Oregon's vocational rehabilitation ("VR") services is helpful. VR is the office designated by the State of Oregon to administer comprehensive vocational rehabilitation services for individuals with disabilities

under the federal Rehabilitation Act of 1973. An individual who receives or is eligible to receive these services is often referred to as a "VR client." Generally, after determining eligibility, VR prepares an "individualized plan for employment" ("IPE"), which governs and informs the services that will be provided. 34 C.F.R. § 361.45(a). An IPE must be reviewed at least annually by the VR, and amended if necessary. 34 C.F.R. § 361.45(d)(5)-(6). The IPE, and any amendments to it, must be agreed to by the client and the VR. 34 C.F.R. § 361.45(d)(3), (7).

Under federal and state laws governing VR procedures, *see* 29 U.S.C. § 722(c); OAR 582-020, a VR client may request a hearing to contest any decision by VR that affects the provision of vocational rehabilitation services. This hearing is first held before an Impartial Hearing Office ("IHO"), who issues a decision that becomes final unless either the client or the VR requests "Formal Administrative Review." In that review, a Reviewing Official performs an administrative review of the IHO decision and issues what becomes the VR's final order. A VR client may seek judicial review of the VR's final order in the Oregon Court of Appeals, *see* ORS 183.482, or may file a civil action for review of the final order pursuant to 29 U.S.C. § 722(c)(5)(J).

Plaintiff's *pro se* Complaint does not provide a narrative background to the events giving rise to her claims. Plaintiff does, however, submit numerous documents with her Complaint, including a Decision and Final Order dated January 5, 2018, by Robert Trachtenberg, a Reviewing Official, ("January 2018 Order"), which provides informative background. ECF 1-4. According to that Decision and Final Order, in February 2017, Plaintiff was referred to work with a job developer from MPFA, Rob Howell. ECF 1-4 at 5-6. Defendant MPFA was under contract with VR to provide such services. *Id.*; *see also* ECF 1-3 at 55. Typically, a VR client and job developer like Howell would first create a Job Placement Strategy Report, which would

set out employment goals and determine strategies for obtaining work for the VR client. ECF 1-4 at 6. Without a Job Placement Strategy Report, Howell could not be paid for his work. *Id*. Despite Howell writing three drafts, Plaintiff and Howell were unable to reach agreement on a Job Placement Strategy Report, and, thus, none was ever signed. *Id*. Howell wrote to VR employees stating that he and his company had decided to discontinue services for Plaintiff due to the inability to agree on a Job Placement Strategy Report. *Id*. Two VR employees met with Plaintiff to discuss the matter. During this meeting, the VR employees noted that Howell had been the third vendor to withdraw from working with Plaintiff. The VR employees ultimately told Plaintiff that, in order to continue serving her, they would need to obtain a neuropsychological assessment of Plaintiff to understand Plaintiff's barriers to working with VR and to finding employment. *Id*. at 7-9.[1] The Reviewing Official concluded that VR did not improperly deny services under Plaintiff's IPE, that VR did not breach its agreement with Plaintiff by requiring a neurological assessment, and that the closure of Plaintiff's case should be affirmed. ECF 1-4 at 10-11.

Plaintiff's *pro se* Complaint, and the claims she brings, are difficult to understand. Plaintiff's Complaint characterizes her claim as arising under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*., and specifically under Section 794(a), which prohibits discrimination on the basis of disability in "any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency . . ." In her first claim, Plaintiff states that the January 2018 Order misrepresents DHS' contract, appearing to refer to DHS' contract with MPFA. In her second claim, Plaintiff states that DHS improperly excused negligence in the administration of the federally-funded VR program by making "type of disability" a basis on

---

[1] The January 2018 Order also details previous issues that Plaintiff had with VR. *Id*. at 8-10.

which to not comply with applicable contract terms, resulting in discrimination on the basis of certain types of disability. Plaintiff's Complaint also alleges various mistakes in or issues with the services that she received. In responsive briefings, Plaintiff asserts that she is also suing for breach of contract based on these issues, relying on a contract between DHS and MPFA.

## DISCUSSION

### A. MPFA's Motion for Summary Judgment

Plaintiff's Complaint does not clearly identify her claims against MPFA. Although Plaintiff characterizes her Complaint as arising under the Rehabilitation Act, in response to MPFA's motion for summary judgment, Plaintiff states that her Complaint does not suggest that MPFA "directly participated in any discriminatory acts." ECF 17 at 6. Rather, Plaintiff asserts, MPFA breached its contractual agreement with DHS. Liberally construing Plaintiff's *pro se* Complaint, the Court discusses both Rehabilitation Act and breach of contract claims against MPFA.

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for

PAGE 4 – ORDER

the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted). In support of its motion for summary judgment, MPFA relies on the documents attached to Plaintiff's Complaint as well as the declaration of Rob Howell (ECF 16).

1. **Discrimination Claim**

The Rehabilitation Act provides:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a). To establish a violation of § 794, Plaintiff:

> [M]ust show (1) that [s]he is handicapped within the meaning of the act, (2) that [s]he is "otherwise qualified" for the services sought, (3) that [s]he was excluded from the services sought "solely by reason of [her] handicap," and (4) that the program in question receives federal financial assistance.

*Dempsey By & Through Dempsey v. Ladd*, 840 F.2d 638, 640 (9th Cir. 1987). Claims for damages under § 794 further require a showing of discriminatory intent. *See Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998).

Plaintiff provides no evidence to support the assertion that Defendant MPFA discriminated against her on the basis of disability.[2] In fact, as discussed above, Plaintiff acknowledges that her Complaint itself does not suggest that MPFA "directly" discriminated against her. To the extent Plaintiff suggests that MPFA *indirectly* participated in discriminatory

---

[2] In her Complaint, Plaintiff states that the January 2018 Order differentiated between physical and mental disabilities, noting that Plaintiff's IPE did not include any mention of mental disabilities, and that VR thus had no reason to be more engaged than it was in Plaintiff's work with MPFA. This is irrelevant to any discrimination claim against MPFA.

PAGE 5 – ORDER

acts, Plaintiff points to no such evidence. To the extent Plaintiff brings a claim against MPFA arising under the Rehabilitation Act, that claim is dismissed with prejudice.

### 2. Breach of Contract Claim

Plaintiff also argues that MPFA breached its contract with DHS, which Plaintiff attaches to her Complaint (*see* ECF 1-3 at 55). The contract between DHS and MPFA, however, explicitly provides:

> No Third Party Beneficiaries. DHS and Contractor are the only parties to this Contract and are the only parties entitled to enforce its terms. Nothing in this Contract gives, is intended to give, or shall be construed to give or provide any benefit or right, whether directly, indirectly or otherwise, to third persons any greater than the rights and benefits enjoyed by the general public unless such third persons are individually identified by name herein and expressly described as intended beneficiaries of the terms of this Contract.

ECF 1-3 at 95. Plaintiff therefore has no standing to sue to enforce the contract between DHS and MPFA. *See Sisters of St. Joseph v. Russell*, 318 Or. 370, 374-75 (1994) ("If the third party has paid no value *and* there is no intention to confer a contract right on that party, then the party is an incidental beneficiary who is not entitled to an action on the contract."); *Stonecrest Properties, LLC v. City of Eugene*, 280 Or. App. 550, 557 (2016) ("An incidental beneficiary has no right of enforcement."). Accordingly, to the extent Plaintiff brings a claim against MPFA for breach of contract, that claim is dismissed with prejudice.

## B. DHS' Motion to Dismiss

### 1. Discrimination Claim

In her second claim, Plaintiff alleges that the Reviewing Official in the January 2018 Order improperly "excuses [VR's] negligence in the administration of" the VR program. ECF 1 at 4. In explaining her second claim, Plaintiff refers to the following portion of the order:

> Due to the client's earlier insistence, the IPE was only based on
> physical disabilities, and it was not an IPE that suggested the client
> had a mental health or developmental disability requiring the VRC
> to play a more active role with at this first stage with the job
> developer.

ECF 1-4 at 12. Plaintiff argues that such "discrimination in the application of" DHS services based on type of disability, as she characterizes it, is inappropriate.

As discussed above, to establish a violation of § 794, Plaintiff:

> [M]ust show (1) that [s]he is handicapped within the meaning of
> the act, (2) that [s]he is "otherwise qualified" for the services
> sought, (3) that [s]he was excluded from the services sought
> "solely by reason of [her] handicap," and (4) that the program in
> question receives federal financial assistance.

*Dempsey*, 840 F.2d at 640.

Plaintiff appears to base her claim on a physical disability, and suggests that it was improper for VR to treat her differently—*i.e.*, *not* play a more active role as it would for someone with a mental disability—on this basis. Nonetheless, Plaintiff was not *excluded from the services sought* from VR due to the fact of having a physical, rather than a mental, disability. Alleging that she was not given what would otherwise be provided as an *accommodation* for one with a mental, rather than purely physical, impairment, does not amount to an allegation that Plaintiff was denied services. Plaintiff does not allege or suggest that she has, or was discriminated on the basis of, any mental or non-physical disability. Thus, Plaintiff's discrimination claim against DHS is dismissed without prejudice.

### 2. Breach of Contract Claim

To the extent Plaintiff's claims are based on DHS's contract with MPFA, the Court does not have jurisdiction to hear that state law claim against DHS, because it is barred by Eleventh Amendment sovereign immunity.

> Due to the client's earlier insistence, the IPE was only based on
> physical disabilities, and it was not an IPE that suggested the client
> had a mental health or developmental disability requiring the VRC
> to play a more active role with at this first stage with the job
> developer.

ECF 1-4 at 12. Plaintiff argues that such "discrimination in the application of" DHS services based on type of disability, as she characterizes it, is inappropriate.

As discussed above, to establish a violation of § 794, Plaintiff:

> [M]ust show (1) that [s]he is handicapped within the meaning of
> the act, (2) that [s]he is "otherwise qualified" for the services
> sought, (3) that [s]he was excluded from the services sought
> "solely by reason of [her] handicap," and (4) that the program in
> question receives federal financial assistance.

*Dempsey*, 840 F.2d at 640.

Plaintiff appears to base her claim on a physical disability, and suggests that it was improper for VR to treat her differently—*i.e.*, *not* play a more active role as it would for someone with a mental disability—on this basis. Nonetheless, Plaintiff was not *excluded from the services sought* from VR due to the fact of having a physical, rather than a mental, disability. Alleging that she was not given what would otherwise be provided as an *accommodation* for one with a mental, rather than purely physical, impairment, does not amount to an allegation that Plaintiff was denied services. Plaintiff does not allege or suggest that she has, or was discriminated on the basis of, any mental or non-physical disability. Thus, Plaintiff's discrimination claim against DHS is dismissed without prejudice.

### 2. Breach of Contract Claim

To the extent Plaintiff's claims are based on DHS's contract with MPFA, the Court does not have jurisdiction to hear that state law claim against DHS, because it is barred by Eleventh Amendment sovereign immunity.

The Eleventh Amendment to the United States Constitution bars citizens' suits against states in federal court. A state is immune from suit in federal court unless Congress has abrogated the state's immunity by appropriate federal legislation, or the state itself has waived it. *Virginia Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011); *see also Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). Where the state or one of its agencies or departments is the defendant (as opposed to a state officer or official), the Eleventh Amendment "bar exists whether the relief sought is legal or equitable." *Papasan v. Allain*, 478 U.S. 265, 276 (1986). A state's consent to be sued in federal court must be "stated by the most express language or by such overwhelming implication from the text as will leave no room for any other reasonable construction. *Broughton Lumber Co. v. Columbia River Gorge Comm'n*, 975 F.2d 616, 619 (9th Cir. 1992), *as amended* (Dec. 2, 1992). "Although a State's general waiver of sovereign immunity may subject it to suit in state court, it is not enough to waive the immunity guaranteed by the Eleventh Amendment." *Id*.

Oregon has waived its sovereign immunity from contract claims in its own courts. *See* ORS 30.320. The State has not, however, expressly and unequivocally waived its immunity from suit in federal courts. *See Broughton Lumber Co.*, 975 F.2d at 619 ("Although the Compact contains a provision empowering the Commission to 'sue and be sued', the Commission has not explicitly waived its sovereign immunity to suits in federal court."); *Bromfield v. Oregon*, 2016 WL 2337701, at *2 (D. Or. May 2, 2016) (holding that ORS 30.320 is not an unequivocal consent to be sued in federal court). Thus, DHS is immune from Plaintiff's contract claim in federal court. Plaintiff's breach of contract claim against DHS is dismissed with prejudice.

### 3. Judicial Review of Final Order of VR

As discussed above, a VR client may seek judicial review of a VR final order in the Oregon Court of Appeals, *see* ORS 183.482, or may file a civil action for review of the final order pursuant to 29 U.S.C. § 722(c)(5)(J). DHS argues, to the extent Plaintiff intends to assert a claim under § 722(c)(5)(J), Plaintiff's claim should be dismissed because she does not identify her claim as being one for judicial review of the VR final order, and does not state a claim for relief under § 722(c)(5)(J).

Although Plaintiff at no point characterizes her Complaint as being one for review of the January 2018 Order, Plaintiff does appear to challenge several parts of that Order. In her first claim, Plaintiff alleges that in the January 2018 Order the Reviewing Official misrepresents Oregon's contract with MPFA, and MPFA's responsibilities under that contract. In her second claim, Plaintiff alleges that the Reviewing Official improperly "excuses [VR's] negligence in the administration of" the VR program. ECF 1 at 4.

As DHS recognizes, the failure specifically to identify the statute or other provision of law violated does not render a plaintiff's complaint defective. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). DHS cites *Collier v. Ohio*, 2015 WL 2384156, at *3 (N.D. Ohio May 18, 2015), in which a district court dismissed a complaint "to the extent [it could] be construed as seeking review under § 722(c)(5)(J)" for, in part, being "silent regarding any request for judicial review." In *Collier*, however, the plaintiff appears to have been represented by legal counsel. Here, Plaintiff proceeds *pro se*. In light of the Court's obligation liberally to construe *pro se* complaints such as Plaintiff's, the Court concludes that it is improper at this time to dismiss Plaintiff's Complaint for failing specifically to state that she seeks judicial review of VR's January 2018 Order.

DHS alternatively seeks an order requiring Plaintiff to file a more definite statement of her claims. A "judge may in his [or her] discretion, in response to a motion for more definite statement under Federal Rule of Civil Procedure 12(e), require such detail as may be appropriate in the particular case." *McHenry*, 84 F.3d at 1179. The Court "may dismiss the complaint if" the order is violated. *Id*. Because Plaintiff's Complaint is difficult to understand and relies primarily upon other causes of action that the Court has already concluded must be dismissed, the Court concludes that such an order is proper. To the extent Plaintiff seeks judicial review of a final decision of a hearing officer or a State reviewing official, the Court orders Plaintiff to file a more definite statement of her claims to allow DHS adequately to address Plaintiff's claims against it. This statement should identify the specific decision or order of which Plaintiff seeks judicial review and the errors Plaintiff alleges were made in that decision or order.

## CONCLUSION

Defendant MPFA's motion for summary judgment (ECF 15) is GRANTED. Defendant DHS' motion to dismiss (ECF 19) is GRANTED IN PART and DENIED IN PART. Plaintiff's Rehabilitation Act claim against DHS is dismissed without prejudice. Plaintiff's breach of contract claim against DHS is dismissed with prejudice. To the extent Plaintiff seeks judicial review of an order or decision of DHS, Defendant DHS' motion to dismiss that claim is denied, but Plaintiff is ordered to submit a more definite statement of her claims not later than 30 days after the date of this Order.

**IT IS SO ORDERED.**

DATED this 18th day of July 2018.

/s/ Michael H. Simon  
Michael H. Simon  
United States District Judge